CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 3 1 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NICHOLAS W. FRAZIER, ) <br> SYLVIA L. FRAZIER, ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> IRS, ) <br> U.S. GOVERNMENT, ) <br> Defendants. ) | Civil Action No. 7:07CV00104 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Glen E. Conrad <br> United States District Judge |

This case was brought by Nicholas W. Frazier and Sylvia L. Frazier against the Internal Revenue Service and the U.S. Government. The matter is currently before the court on the defendants' motion to dismiss for lack of jurisdiction.

### Background

The plaintiffs filed a complaint on March 5, 2007, alleging violations by the defendants of Amendments IV, V, and VII of the U.S. Constitution. It appears that the plaintiffs entered into an agreement with the Internal Revenue Service ("IRS") after a dispute over a debt owed to the IRS. According to the plaintiffs, the offer of compromise signed by both parties was entered into as a result of fraud. Furthermore, the plaintiffs allege that the contract was breached by the defendants. In their complaint, the plaintiffs claim that the defendants are violating their constitutional rights, and that statutes granting authority to the IRS are unconstitutional. The plaintiffs seek $250,000 in damages, as well as $5,000,000 in punitive damages.

The defendants filed this motion to dismiss on July 2, 2007, and the plaintiffs responded on July 16, 2007. The matter is therefore ripe for the court's consideration.

## Discussion

The defendants' motion to dismiss is based upon the argument that the United States has not waived sovereign immunity, and the court therefore does not have jurisdiction. The plaintiffs' response argues that reference to the defendants' fraud, a tort, confers exclusive jurisdiction to the United States District Court.

After consideration of all materials submitted to the court, the court concludes that the United States has not waived its sovereign immunity, and the court therefore does not have jurisdiction. It is well-established that the United States is immune from suit unless it waives its sovereign immunity; without such a waiver, the court does not have subject matter jurisdiction over an action against the United States. Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994). Such a waiver "must be strictly observed and exceptions thereto are not to be implied." Soriano v. United States, 352 U.S. 270, 276 (1957). Therefore, the court does not have jurisdiction in this case unless the government has waived its sovereign immunity.

It appears that the plaintiffs rely upon a general waiver of tort liability to bring their claims against the IRS and the U.S. Government. The Federal Tort Claims Act waives sovereign immunity for tort claims against the United States, excepting "any claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680. This exception results from Congress' intent to protect the IRS from tort liability in regards to its "revenue-raising activities." Skala v. Johnson, 1998 WL 681486 (W.D.N.C. Aug. 14, 1998) (citing Capozolii v. Tracey, 663 F.2d 654, 657 (5th Cir. 1981)). As the United States Court of Appeals for the Fourth Circuit has noted, the exception is a broad one, that includes the "collection of any tax." Broadway v. Open Air Theatre v. United States, 208

2

F.2d 257, 259 (4th Cir. 1953) (finding the exception applicable when officers of a corporation with a personal debt to the IRS used corporate funds to pay the debt and the corporation brought suit against the IRS). In reaching this decision, the Court relied upon the principals that "it was not contemplated [by Congress] that the Government should be subject to liability arising from acts of a governmental nature or function.... [w]here there is room for policy judgment and decision there is discretion. It necessarily follows that acts of subordinates in carrying out the operations of government in accordance with official directions cannot be actionable." Id. at 259-60 (citing Dalehite v. United States, 346 U.S. 15 (1953)). These descriptions clearly encompass the actions at issue in this case, and the court therefore concludes that the IRS has not waived its sovereign immunity and the court therefore has no jurisdiction over this matter.

Furthermore, the court notes that any constitutional claims pursuant to the Fourth, Fifth, and Seventh Amendments of the U.S. Constitution must be dismissed. As the IRS is a federal agency which has not waived its sovereign immunity, and the defendants did not claim damages from individual IRS officers, the plaintiffs' claims must be dismissed. See Wear v. IRS, 1998 WL 180989 (E.D.N.C. Jan. 6, 1998) (citing Gonsalves v. IRS, 975 F.2d 13, 15 (1st Cir. 1992)).

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss will be granted. The plaintiff's law suit will be dismissed without prejudice.

DATED this 31st day of July, 2007.

*/s/ Conrad*
United States District Judge

3